[Cite as *Hinzman v. Ohio Dept. of Transp., Dist. 6*, 2010-Ohio-4792.]

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHARLES L. HINZMAN

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 6

    Defendant

    Case No. 2010-03118-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1} On February 12, 2010, at approximately 3:45 p.m., plaintiff, Charles L. Hinzman, was traveling south on US Route 23 crossing an overpass to merge onto Interstate 270 East in Franklin County, when his 2002 Chrysler PT Cruiser struck a large pothole causing tire damage to the vehicle. Plaintiff asserted that the damage to his car was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of defects such as potholes. Plaintiff filed this complaint seeking to recover $260.33, the cost of replacement parts and related repair expense incurred resulting from striking the pothole on US Route 23 on February 12, 2010. The filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's February 12, 2010 described occurrence. Defendant advised that ODOT records show no complaints of a pothole were received at the location on US Route 23 South provided by plaintiff (milepost 22.91). Defendant did submit documentation that seven complaints of potholes on US Route 23 were received on various dates from

January 13, 2010 to February 12, 2010, the date of plaintiff's incident. The complaint received on February 12, 2010 reported a pothole on US Route 23 at the "southbound bridge over Interstate 270 far right lane." Defendant's submitted documentation that specifically located this pothole at milepost 23.0, a location that roughly corresponds to the location of plaintiff's incident, milepost 22.91. The approximate time the February 12, 2010 complaint was received was not provided. Defendant pointed out that the section of roadway of US Route 23 at milepost 22.91 "has an average daily traffic count" of over 70,000 vehicles, yet no complaints were received regarding a pothole at that location prior to plaintiff's occurrence. Defendant asserted that plaintiff has not offered any evidence to establish the length of time that the pothole at milepost 22.91 existed before 3:45 p.m. on February 12, 2010. Defendant suggested that, "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 3} Furthermore, defendant contended that plaintiff did not offer any evidence to prove the roadway was negligently maintained. Defendant related that ODOT "Franklin County Manager conducts inspections on all state roadways within the county on a routine basis, at least one to two times a month." Defendant contended that plaintiff has not provided any evidence to prove that his property damage was caused by any conduct attributable to ODOT personnel. Defendant submitted records show that ODOT personnel patched potholes in the vicinity of plaintiff's incident on January 25, 2010. Defendant observed that the particular section of roadway "was in relatively good condition at the time of plaintiff's incident."

{¶ 4} Plaintiff filed a response implying that the pothole his car struck had probably existed for some length of time prior to his incident due to the fact that "there wasn't any chunks in the hole that caused a hard hit." Plaintiff argued that defendant was negligent by not conducting more frequent inspections of the roadway. Plaintiff stated that "[a] better job could and should have been done maintaining these roads."

{¶ 5} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff

has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. There is no evidence that defendant had actual notice of the pothole. Therefore, for the court to find liability on a notice theory, evidence of constructive notice of the pothole must be presented.

{¶ 7} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that

sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 8} The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. No evidence was presented to establish the time that the particular pothole was present. Size of the defect (pothole) is insufficient to show notice or duration of existence. *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891. Plaintiff has failed to prove that defendant had constructive notice of the pothole.

{¶ 9} Plaintiff may establish liability on the part of defendant by providing evidence of negligence maintenance. *Weitzman v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-07942-AD, jud. aff. (4-8-09), 2008-Ohio-7129. There is some evidence in the present claim that the pothole plaintiff's car struck had been previously patched on January 25, 2010 and the patch had deteriorated. However, evidence proving plaintiff's car struck a deteriorated repair does not provide conclusive proof of negligent maintenance. A pothole patch that deteriorates in less than ten days is prima facie evidence of negligent maintenance. See *Matala v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-01270-AD, 2003-Ohio-2618. However, a pothole patch which may or may not have deteriorated over a longer time frame does not constitute, in and of itself, conclusive evidence of negligent maintenance. See *Edwards v. Ohio Department of Transportation, District 8*, Ct. of Cl. No. 2006-01343-AD, jud, 2006-Ohio-7173. Plaintiff has failed to prove that the pothole that damaged his car had been previously patched or was patched with material subject to rapid deterioration since the last previous pothole repair made by ODOT in the vicinity of his incident was on January 25, 2010. Furthermore, plaintiff also failed to establish the general time frame when the roadway condition encountered initially appeared. Plaintiff, in the instant claim, has not produced sufficient evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CHARLES L. HINZMAN

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 6

    Defendant

    Case No. 2010-03118-AD

Clerk Miles C. Durfey


ENTRY OF ADMINISTRATIVE DETERMINATION


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.


_____
MILES C. DURFEY
Clerk


Entry cc:

Charles L. Hinzman
145 Oak Drive
Little Hocking, Ohio  45742

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
5/18
Filed 6/4/10
Sent to S.C. reporter 10/1/10